In re MR. D. REALTY COMPANY, Debtor.

The CENTRAL TRUST COMPANY, N.A., Plaintiff,

v.

MR. D. REALTY COMPANY, Defendant.

In re S & M ASSOCIATES, Debtor.

The CENTRAL TRUST COMPANY, N.A., Plaintiff,

v.

S & M ASSOCIATES, Defendant.

Bankruptcy Nos. 1–82–02817, 1–82–02818. Adv. Nos. 1–82–0451, 1–82–0452.

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 27, 1982.

Arthur J. Schuh, Cincinnati, Ohio, for debtors/defendants.

Gerald L. Baldwin, The Central Trust Co., N.A., Cincinnati, Ohio, for plaintiff.

## DECISION AND ORDER ON PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION.

BURTON PERLMAN, Bankruptcy Judge.

We write a single decision because the complaints in each of the adversary proceedings in which plaintiff has filed the motions with which we are here concerned are identical. The underlying bankruptcy cases for the two adversary proceedings above captioned are Chapter 11 filings. The two debtors own and administer certain rental real estate. According to the allegations of the complaints plaintiff is

---

mortgagee with respect to certain real estate of the two debtors and also has an assignment of rents and leases relating to the real estate. In its complaints, plaintiff seeks to have the § 362 automatic stay lifted since the debtors are in default and plaintiff wishes to proceed with foreclosure in the state courts. The complaints also seek enforcement of the assignment of rents and leases. Plaintiff has filed the present motions for preliminary injunction to compel defendants-debtors to perform their obligations under the assignment of rents and leases. The motions came on for hearing. The evidentiary record presented consisted of a written Stipulation of Facts which incorporates certain documents. Counsel offered arguments at the hearing, submitted memoranda, and at the conclusion of the hearing we reserved decision.

*Mobil Corp. v. Marathon Oil Co.* 669 F.2d 366 (6th Cir., 1981) sets out the factors to be considered in deciding whether or not to grant a preliminary injunction:

1) Whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits;

2) Whether the plaintiff has shown irreparable injury;

3) Whether the issuance of a preliminary injunction will cause substantial harm to others; and

4) Whether the public interests would be served by issuing the preliminary injunction.

With this before us we turn to the facts.

The evidence presented depicts a total situation of which what is before this Court is but a part. That is, the two debtors and also a third entity, Marvin R. Guttman as an individual (Guttman has not filed a petition in this Court), each holds title to certain rental real estate. All of the real estate is managed by a fourth entity, NCPM Inc. which collects the rents and pays the bills incidental to maintaining and administering the real estate. The Stipulation of Facts informs us that all of the stock of NCPM Inc. is owned by Guttman, and Guttman is also president and sole shareholder of debtor Mr. D Realty Company, and the sole general partner of debtor S & M Associates.

Three properties are involved in the two complaints, Chestnut Hill, Victory Arms Apartments and Paddock Center. Other real estate is owned by Guttman individually and by the two debtors. Rental income from the three above named properties in which plaintiff has a mortgage interest, and also rental income from the other properties to which we have just referred are all collected and commingled in the accounts of NCPM Inc. It is undisputed that payments to plaintiff mortgagee by defendants are in default.

An Assignment of Rents is part of the record before us and provides:

"NOW, THEREFORE, to induce said Assignee to make or purchase the aforesaid loan and to further secure the payment of said note and the performance of all the terms of said Mortgage Deed, ... the undersigned [Debtors] does hereby assign and transfer to Assignee, its successors and assigns, all of the rents, issues and profits now due or which may hereafter become due under or by virtue of all leases, ... provided, however, that, except for the collection of rents in advance of the time when they become due, the undersigned may collect all rents and other amounts due it under said leases as if this instrument had not been made until a default occurs either in the payment of principal or interest provided to be paid under the terms of said note ...".

The Stipulation of Facts also informs us that there are mortgage liens on the real estate here involved which are senior to the interests of plaintiff. At the hearing it developed that an assignment of rents is present in connection with some or all of such senior liens.

Plaintiff filed suit in the Common Pleas Court for the appointment of a receiver to collect the rents from real estate of defendants (before the Common Pleas Court) Mr. D Realty Company, S & M Associates, and Marvin R. Guttman. An Order was entered September 30, 1982 in that case ordering

defendants to continue to collect and fully account for all rents income and other proceeds received from their real estate and to hold such monies, making no payments or distributions therefrom. The case in which that order issued has been removed to this Court.

In approaching the question which we have to decide, whether or not a preliminary injunction should issue, it has to be kept at the forefront that debtors have resorted to the Chapter 11 mechanism available in this court as provided by statute for purposes of rehabilitating themselves. It is asserted by debtors that the revenue from property in which plaintiff has a mortgage interest is necessary for their continued operation until a plan is proposed and beyond. Rental funds are obviously necessary in such an enterprise for paying the expenses, utilities, taxes, maintenance etc. inherent in such an enterprise. Debtors-defendants argue that to grant the relief sought by plaintiff will end any hope of Chapter 11 relief because these funds are vital to that effort. We find this proposition compelling and for this reason deny the preliminary injunction sought by plaintiff.

We do not find this inconsistent with the criteria to be applied according to the *Mobil* case, *supra*. As to the first factor derived from *Mobil*, likelihood of success on the merits, plaintiff argues: 1) that it has a clear contractual right to have the rent from the mortgaged property segregated, 2) rents are cash collateral in which plaintiff has a security interest by reason of assignment, and no authority has been obtained from the Court as required by § 363(c)(2) to use such cash collateral, and 3) there is an order of the Common Pleas Court requiring segregation of rent from the mortgaged property, and 28 U.S.C. § 1479(c) requires this Court to enforce that Order. Plaintiff is mistaken in the direction it has taken in its argument regarding likelihood of success in the Common Pleas Court. Instead, it is the likelihood of success in persuading this Court to lift the § 362 stay which is relevant. The considerations in the two suits are quite different, for the state court proceeding is not at all concerned with ade-

quate protection, nor does it concern itself with the mechanism provided by 11 U.S.C. § 1124(2) for the curing of defaults. The record here does not persuade us that plaintiff will necessarily or even probably succeed on the merits on final hearing in the adversary proceedings before this Court. While defendants vigorously contest it, we conclude that the rents here in question are cash collateral and we conclude further that plaintiff has an interest in it. It is true that debtors should have proceeded under § 363(c)(2) before using it, but on the showing on which this decision turns, that such cash collateral is necessary to maintain debtors afloat pending their reorganization efforts, we hold that the requirements of § 363(c)(2) are satisfied at least sufficiently to withstand the present motion. The existence of the order of the Common Pleas Court likewise cannot lead to a different conclusion, particularly since that case has been removed to this court.

The second ground in *Mobil,* irreparable injury to plaintiff, is said to be the most significant of the four factors required for preliminary injunction. *Friendship Materials, Inc. v. Michigan Brick Inc.,* 679 F.2d 100 (6th Cir., 1982). Plaintiff argues that it is being irreparably injured by the collection of rents of the three properties in which it has a mortgage interest and, as it views it, the dissipation of those funds in supporting real estate other than that in which it has an interest. This money, says plaintiff, is gone forever. But there is no contention that debtors are not maintaining out of the proceeds of the funds collected and dispensed by NCPM Inc. the real estate in which plaintiff has a mortgage interest. While plaintiff argues that all it seeks to do is maintain the status quo by securing control of rents on its properties, this argument strikes us as a perversion of the term status quo. As best we can tell, denial of the motion is more calculated to continue the status quo pending final hearing.

Another factor influencing us on the question of irreparability of injury to plaintiff is that there are senior mortgages on the real estate in which plaintiff has its

interests, and such senior lienors also have provided for assignment of rents. While we are not taken with the argument of defendants that this invalidates plaintiff's assignment of rents, it does suggest to us that assignment of rents was not a terribly consequential right in motivating plaintiff to make the loans secured by its mortgages. It is just fortuitous that no senior lienor has sought to enforce its assignment of rents.

The third point in *Mobil* is whether substantial harm to others, including defendants would result from issuance of the preliminary injunction. It will be apparent from our pivitol holding above, that loss of the rents here sought by plaintiffs could jeopardize efforts of defendants for Chapter 11 rehabilitation, that we believe that substantial harm to debtors could result if we were to grant the motion. Against this, plaintiff argues that other funds for continued operation of the business of debtors is available. To the point that use of these funds for these business purposes is prohibited by an Order of the Domestic Relations Court, plaintiff asserts that this obstacle could be overcome if Guttman were to pay approximately $22,000.00 in back support and alimony. We decline to inquire into the validity of this contention. For present purposes we will look no further than the existence of such an order limiting the use of Guttman's funds.

Finally, the last factor of the *Mobil* test is whether the public interest will be served by issuance of the preliminary injunction. It is our belief that it will not. The public interest with which we are here concerned is that expressed in the remedies provided in Chapter 11 of the Bankruptcy Code. To grant the motion could well frustrate the societal objectives inherent in that legislation.

Plaintiff's motion is denied.

SO ORDERED.